IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

v.  Criminal Action No. 1:07cr6

TRAVIS LOUGH a/k/a "Old Man,"
Defendant.

### REPORT AND RECOMMENDATION/OPINION

This matter has been referred to the undersigned Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11. Defendant, Travis Lough, in person and by counsel, Jeffrey Freeman, appeared before me on July 25, 2007. The Government appeared by Shawn Angus Morgan, its Assistant United States Attorney.

Thereupon, the Court proceeded with the Rule 11 proceeding by asking Defendant's counsel what Defendant's anticipated plea would be. Counsel responded that Defendant would enter a plea of "Guilty" to Count Thirteen of the Superseding Indictment.

Thereupon, the Court proceeded with the Rule 11 proceeding by first placing Defendant under oath, and thereafter inquiring of Defendant concerning his understanding of his right to have an Article III Judge hear the entry of his guilty plea and his understanding of the difference between an Article III Judge and a Magistrate Judge. Defendant stated in open court that he voluntarily waived his right to have an Article III Judge hear his plea and voluntarily consented to the undersigned Magistrate Judge hearing his plea, and tendered to the Court a written Waiver of Article III Judge and Consent To Enter Guilty Plea Before Magistrate Judge, which waiver and consent was signed by Defendant and countersigned by Defendant's counsel and was concurred in by the signature of the Assistant United States Attorney appearing.

Upon consideration of the sworn testimony of Defendant, as well as the representations of his counsel and the representations of the Government, the Court finds that the oral and written waiver of Article III Judge and consent to enter guilty plea before a Magistrate Judge was freely and voluntarily given and the written waiver and consent was freely and voluntarily executed by Defendant, Travis Lough, only after having had his rights fully explained to him and having a full understanding of those rights through consultation with his counsel, as well as through questioning by the Court.

The Court **ORDERED** the written Waiver and Consent to Enter Guilty Plea before a Magistrate Judge filed and made part of the record.

The Court then determined that Defendant's plea was pursuant to a written plea agreement, and asked the Government to tender the original to the Court. The Court then asked counsel for the Government to summarize the written Plea Agreement. Counsel for Defendant stated that the Government's summary of the Plea Agreement was correct. The Court **ORDERED** the written Plea Agreement filed.

The undersigned then inquired of Defendant regarding his understanding of the written plea agreement. Defendant stated he understood the terms of the written plea agreement and also stated that it contained the whole of his agreement with the Government and no promises or representations were made to him by the Government other than those terms contained in the written plea agreement.

The undersigned then reviewed with Defendant Count Thirteen of the Superseding Indictment, the statutory penalties applicable to an individual adjudicated guilty of the felony charge contained in Count Thirteen of the Superseding Indictment, the impact of the sentencing guidelines on sentencing in general, and inquired of Defendant as to his competency to proceed with the plea

hearing. From said review the undersigned Magistrate Judge determined Defendant understood the nature of the charge pending against him and understood the possible statutory maximum sentence which could be imposed upon his conviction or adjudication of guilty on that charge was imprisonment for a term of not more than five (5) years; understood the maximum fine that could be imposed was $250,000.00; understood that both fine and imprisonment could be imposed; understood he would be subject to a period of three (3) years of supervised release; and understood the Court would impose a special mandatory assessment of $100.00 for the felony conviction payable on or before the date of sentencing. He also understood he might be required by the Court to pay the costs of his incarceration and supervised release.

Defendant also understood that his actual sentence could not be calculated until after a pre-sentence report was prepared and a sentencing hearing conducted.

The undersigned Magistrate Judge further examined Defendant relative to his knowledgeable and voluntary execution of the written plea bargain agreement dated May 25, 2007, and signed by him on June 5, 2007, and determined the entry into said written plea bargain agreement was both knowledgeable and voluntary on the part of Defendant.

The undersigned Magistrate Judge further inquired of Defendant, his counsel, and the Government as to the non-binding recommendations and stipulation contained in the written plea bargain agreement and determined that Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of a plea of guilty to the felony charge contained in Count Thirteen of the Superseding Indictment, the undersigned Magistrate Judge would write the subject Report and Recommendation and tender the same to the District Court Judge, and the undersigned would further order a pre-sentence investigation report be prepared by the probation officer attending

3

the District Court, and only after the District Court had an opportunity to review the subject Report and Recommendation, as well as the pre-sentence investigation report, would the District Court make a determination as to whether to accept or reject Defendant's plea of guilty or any recommendation contained within the plea agreement or pre-sentence report. The undersigned reiterated to the Defendant that the District Judge may not agree with the recommendations and stipulation contained in the written agreement.

The undersigned Magistrate Judge further addressed the stipulation contained in the written plea bargain agreement, which provides:

> Pursuant to Sections 6B1.4 and 1B1.3 of the Guidelines, the parties hereby stipulate and agree that, on or about January 31, 2007, and continuing until on or about February 8, 2007, at or near Greenwood in Doddridge County and Buckhannon in Upshur County and Jane Lew in Lewis County, the defendant and a co-defendant did knowingly and willfully combine, conspire, confederate and agree and have a tacit understanding with each other to commit offenses against the United States. The defendant did complete an overt act including 1) accepting a January 31, 2007 collect telephone call from co-defendant Russell Foster; 2) traveling from Buckhannon, Upshur County to Jane Lew, Lewis County on February 8, 2007; and 3) concealing a bag of suspected methamphetamine, a glass pipe used for smoking methamphetamine and a cellular telephone.

The undersigned then advised Defendant, counsel for Defendant, and counsel for the United States, and determined that the same understood that the Court is not bound by the above stipulation and is not required to accept the above stipulation, and that should the Court not accept the above stipulation, Defendant would not have the right to withdraw his plea of Guilty to Count Thirteen of the Superseding Indictment.

The undersigned Magistrate Judge further advised Defendant, in accord with Federal Rule of Criminal Procedure 11, in the event the District Court Judge rejected Defendant's plea of guilty, Defendant would be permitted to withdraw his plea and proceed to trial. However, Defendant was

further advised if the District Court Judge accepted his plea of guilty to the felony charge contained in Count Thirteen of the Superseding Indictment, Defendant would not be permitted to withdraw his guilty plea even if the Judge refused to follow the non-binding recommendations and stipulation contained in the written plea agreement and/or sentenced him to a sentence which was different from that which he expected. Defendant and his counsel each acknowledged their understanding and Defendant maintained his desire to have his plea of guilty accepted.

The undersigned Magistrate Judge further examined Defendant with regard to his understanding of the impact of his conditional waiver of his appellate rights as contained in the written plea agreement, and determined he understood those rights and voluntarily gave them up subject to the conditions stated in the written plea agreement.

The undersigned Magistrate Judge further cautioned and examined Defendant under oath concerning all matters mentioned in Rule 11.

The undersigned then reviewed with Defendant Count Thirteen of the Superseding Indictment, including the elements the United States would have to prove at trial, charging him with conspiracy to obstruct justice, in violation of Title 18, United States Code, Sections 1512(c)(1) and (2), and 371.

The Court then received the sworn testimony of Deputy Darwin Stout, who testified he is an officer with the Lewis County Sheriff's Department, assigned to the Harrison/Lewis County Drug and Violent Crime Task Force. He was involved in the investigation of Russell Foster and others from the latter part of 2006 and the beginning of 2007. This original investigation involved a methamphetamine conspiracy and manufacturing operation involving several people, including Defendant. Russell Foster was indicted by a Federal grand jury, made his initial appearance, was

arraigned and appeared at a hearing on the Government's motion to detain him. At that motion to detain Mr. Foster, Defendant appeared and testified, as a possible third-party custodian for Mr. Foster, that he had no involvement with methamphetamine or methamphetamine manufacturing. Deputy Stout testified his subsequent investigation of Defendant revealed that Defendant was involved in a conspiracy with Mr. Foster to obstruct justice with regard to Deputy Stout's methamphetamine prosecution and investigation. Deputy Stout testified Mr. Foster placed a collect telephone call from the North Central Regional Jail on January 31, 2007, to Defendant at his residence in Buckhannon, Upshur County, which was accepted by Defendant and recorded. Deputy Stout testified he heard the conversation between Mr. Foster and Defendant, during which the upcoming detention as to Mr Foster was discussed and during which Mr. Foster requested Defendant to go to his apartment and retrieve a "bag of meth," a "glass pipe for smoking meth," and a cellular telephone. Mr. Foster stated the reason he wanted Defendant to retrieve the items was he did not want to be charged with additional crimes. Defendant agreed to honor that request. Deputy Stout received a statement from Heather Montgomery, Mr. Foster's landlord, that Defendant had contacted her to gain access to Mr. Foster's apartment to retrieve his possessions. On February 8, 2007, an undercover police agent posed as Mr. Foster's landlord's husband; the undercover police agent retrieved the actual methamphetamine and replaced it with a placebo; the undercover police agent contacted Defendant and arranged for him to go to Mr. Foster's apartment and retrieve his possessions. The apartment was placed under video surveillance. Defendant, and two other individuals, arrived at Mr. Foster's apartment and Defendant immediately went to the location where Mr. Foster had informed Defendant the methamphetamine was located, and Defendant retrieved it and put it in his pocket. Defendant then retrieved the pipe and handed it to one of the other

individuals (Defendant's seventeen-year old son), who placed the pipe in his jacket pocket. Defendant and the other individuals then gathered other items from the apartment. Defendant and the other individuals left the apartment and the officers approached them and took the placebo and the pipe. Deputy Stout testified that after Defendant was Mirandized, Defendant stated he would purchase Sudafed and trade that drug to Mr. Foster for methamphetamine, that he knew that Mr. Foster was manufacturing methamphetamine, and that his activity and knowledge occurred prior to January 31, 2007, and his testimony on behalf of Mr. Foster.

The defendant stated he heard, understood, and agreed with Deputy Stout's testimony. Thereupon, Defendant, Travis Lough, with the consent of his counsel, Jeffrey Freeman, proceeded to enter a verbal plea of **GUILTY** to the felony charge contained in Count Thirteen of the Superseding Indictment. Defendant then stated he believed he was guilty of the offense charged in Count Thirteen of the Superceding Indictment because he accepted a collect call from Russell Foster, traveled from Upshur County, West Virginia, to Jane Lew, Lewis County, West Virginia, on February 8, 2007, and concealed a suspected bag of methamphetamine and a pipe used for smoking methamphetamine.

From the testimony of Deputy Stout, the undersigned Magistrate Judge concludes the offense charged in Count Thirteen of the Superseding Indictment is supported by an independent basis in fact concerning each of the essential elements of such offense. This conclusion is supported by the parties' stipulation and Defendant's allocution.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant is fully competent and capable of entering an informed plea; Defendant is aware of and understood his right to have an Article III Judge hear his plea and elected to voluntarily consent to

the undersigned United States Magistrate Judge hearing his plea; Defendant understood the charges against him, not only as to the Superseding Indictment as a whole, but in particular as to Count Thirteen of the Superseding Indictment; Defendant understood the consequences of his plea of guilty; Defendant made a knowing and voluntary plea; and Defendant's plea is supported by the testimony of Deputy Stout as well as the parties' stipulation and Defendant's allocution.

The undersigned Magistrate Judge therefore **RECOMMENDS** Defendant's plea of guilty to the felony charge contained Count Thirteen of the Superseding Indictment herein be accepted conditioned upon the Court's receipt and review of this Report and Recommendation and a Pre-Sentence Investigation Report, and that the Defendant be adjudged guilty on said charge as contained in Count Thirteen of the Superseding Indictment and have sentence imposed accordingly.

The undersigned further directs that a pre-sentence investigation report be prepared by the adult probation officer assigned to this case.

Any party may, within ten (10) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, Chief United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such report and recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to counsel of record.

Respectfully submitted this 26 day of July, 2007.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE